FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 0 6 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FREDDIE J. JOHNSON, JR., | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:05-CV-3161-RLV |
| JAGUAR CARS, INC. and JAGUAR NORTH AMERICA, | |
| Defendants. | |

O R D E R

This cause of action arises out of the plaintiff's purchase of an allegedly defective automobile. The plaintiff seeks recovery from the defendants, Jaguar Cars, Inc. and Jaguar North America (collectively herein called "Jaguar"), under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. Additionally, the plaintiff also alleges that Jaguar is liable for breaches of certain express and implied warranties under Georgia state law. The plaintiff also seeks the recovery of damages based on his attempted revocation of acceptance of the vehicle. This matter comes before the court on the defendant's motion to dismiss [Doc. No. 16].

**I. Factual Background**

On July 24, 2004, the plaintiff, Freddie J. Johnson, Jr., purchased a 2004 S-Type Jaguar automobile from Nalley Jaguar in

Roswell, Georgia. Jaguar issued and provided the plaintiff with a written limited warranty on the vehicle, which included a four year or fifty thousand miles bumper-to-bumper warranty, as well as other limited warranties outlined in the Manufacturer's New Car Warranty Booklet.[1]

On November 23, 2004, the plaintiff needed to bring his vehicle to a stop and applied the brakes. Instead of stopping, the vehicle accelerated. The plaintiff purportedly had to resort to other methods to halt the vehicle. The plaintiff reported this incident to Hennessy Jaguar in Gwinnett, Georgia. The plaintiff states that he brought the vehicle to Hennessy Jaguar rather than Nalley Jaguar because Hennessy Jaguar was closer to the plaintiff's

---

[1] In the Passport to Service Manual submitted by Jaguar, the vehicle had the following express warranty:

> This New Vehicle Limited Warranty is the only express warranty applicable to your vehicle. Jaguar Cars neither assumes, nor authorizes anyone to assume for it, any other obligation or liability in connection with this warranty.
>
> Limitation of Remedies
>
> Under the warranty, it is agreed that the sole exclusive remedy against Jaguar Cars and its authorized retailers shall be for the repair or replacement of defective parts as provided herein. The sole purpose of this exclusive remedy shall be to provide for the free repair and replacement of defective parts in the manner prescribed in this warranty. This exclusive remedy shall not be deemed to have failed its essential purpose so long as Jaguar Cars, through its authorized retailers, is willing and able to repair or replace defective parts in the prescribed manner.

residence. The plaintiff alleges that when the plaintiff presented his vehicle to Hennessy Jaguar, Hennessy Jaguar assured him that he could leave the vehicle there for repair. At some point after performing some maintenance on the transmission, Hennessy Jaguar returned the vehicle to the plaintiff. However according to the plaintiff, Hennessy Jaguar was not able to determine the cause of the episode.

On January 9, 2005, the plaintiff attempted to engage the braking mechanism of his vehicle and his brakes failed again. On January 10, 2005, the plaintiff again presented Hennessy Jaguar with his vehicle. However, Hennessy Jaguar was unable to find any defect.

On September 23, 2005, the plaintiff's vehicle failed to stop upon the application of the brakes, causing the plaintiff to collide into the rear of another vehicle. The plaintiff allegedly had to apply the manual parking brake to prevent the vehicle from colliding full speed into the rear of the other vehicle. The plaintiff states that he presented the vehicle for a third time to Hennessy Jaguar to report this episode. On September 26, 2005, the plaintiff left the vehicle at Hennessy Jaguar for the purpose of allowing Hennessy Jaguar to identify and fix the problem or to provide the plaintiff with a replacement vehicle.

The plaintiff also complained to "Jaguar Cars Customer Relationship Center." According to the plaintiff, he had not

received any response from Jaguar by October 5, 2005. During this time, Hennessy Jaguar had the vehicle and had not contacted the plaintiff to report whether it had identified or repaired the vehicle's problem. On October 13, 2005, Jaguar acknowledged receipt of the plaintiff's letter and requested up to thirty days to review the matter. On November 11, 2005, Jaguar notified the plaintiff that it had decided to deny his request for a replacement vehicle. Furthermore, Jaguar instructed the plaintiff to retrieve the vehicle from Hennessy Jaguar by November 18, 2005, which the plaintiff did. However, the plaintiff alleges that Jaguar never diagnosed or repaired the defect despite the fact that he afforded both Jaguar and Hennessy Jaguar a reasonable opportunity to cure the defect.

On December 14, 2005, the plaintiff filed suit against Jaguar, alleging breach of warranty pursuant "to the Magnuson Moss Warranty Act and O.C.G.A. § 11-2-314(2)(c), violation of the Uniform Commercial Code and Revocation of Acceptance pursuant to O.C.G.A. § 11-2-608, O.C.G.A. § 11-2-719(2)" [Doc. No. 1]. The plaintiff did not name Nalley Jaguar or Hennessy Jaguar as a defendant in this suit.

On March 13, 2006, Jaguar filed a motion to dismiss, arguing that all of the plaintiff's claims should be dismissed. Specifically, Jaguar argues that (1) the plaintiff's Magnuson-Moss class action claims should be dismissed because the complaint is

4

not properly pled as a class action; (2) the plaintiff's breach of warranty claims should be dismissed because they fail as a matter of law; (3) the plaintiff's revocation of acceptance claim fails for lack of privity; and (4) the plaintiff's revocation of acceptance claim fails to allege an actual revocation of acceptance because the plaintiff still has possession of the vehicle.

On January 4, 2006, the plaintiff filed a motion to certify this suit as a class action [Doc. No. 7]. On April 5, 2005, the court denied the plaintiff's motion to certify this action as a class action because the plaintiff had failed to comply with the procedural requirements contained in Local Rule 23.1(A)(2) [Doc. No. 21]. Since all class action claims were previously dismissed, the court limits its inquiry to the remaining claims, i.e., the breach of written and implied warranties as well as the plaintiff's claim based on his revocation of acceptance of the vehicle.

## II. Standard of Review

A motion to dismiss for failure to state a claim is properly granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir.1998). Although the facts alleged in a complaint are assumed to be true for purposes of a motion to dismiss, conclusory allegations and legal conclusions are entitled to no deference in the court's consideration of such a motion. See

5

South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir.1996).

### III. Legal Analysis
### A. Breach of Warranty Claims

In the Complaint, the plaintiff alleges a breach of written warranty claim and a breach of the implied warranty of merchantability. The plaintiff's warranty claims are governed by the substantive standards supplied by Georgia state law because the Magnuson-Moss Act merely provides a remedy for state law warranty claims that can be enforced in the federal courts. Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp.2d 1190, 1200, n.14 (N.D. Ga. 2005). In Fedrick, the court noted, "The Act does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." Therefore as a preliminary matter, the court must examine whether the plaintiff has properly pled each of his breach of warranty claims under Georgia state law.

### 1. Written Warranty

The written warranty provided with the plaintiff's S-Class Jaguar states:

> Jaguar Cars warrants that during the warranty period, if a Jaguar vehicle is properly operated and maintained, repairs required to correct defects in factory-supplied materials or factory workmanship will be performed without charge . . . any component covered by this warranty found to be defective in materials or workmanship will be repaired, or replaced, without charge.

With regard to the written warranty claim, Jaguar argues that the plaintiff has failed to state a cause of action because Jaguar has "done all that it is required to do under the terms of the warranty." Specifically, Jaguar argues:

> Further, plaintiff has not offered any explanation regarding the reason-- whether mechanical or otherwise-- his brakes randomly failed only three times in over a year of driving. Indeed, plaintiff has not articulated how the dealership could have repaired a "defect" that it could not discover upon inspection, and that plaintiff cannot describe beyond the circular statement that the brakes are "defective."

In response, the plaintiff argues that he is not required, at this stage in the litigation, to list the specific type of defect in his Complaint to survive a motion to dismiss. Furthermore, the plaintiff argues that he "would be unduly prejudiced and harmed [if] he is not given the opportunity to conduct discovery to ascertain the specific cause of his defective brakes."

Under Georgia law, a written warranty that provides for repair or replacement of parts imposes two conditions to recovery for breach of the warranty. First, a plaintiff must show that the warrantor had notice of the defect. Second, the warrantor must have also had a reasonable opportunity to repair the defect. "When the purchaser returns the product to the dealer and makes the product available for repair, refusal to repair, unsuccessful repair, or repeated failures of the repair constitute a breach of the express warranty." McDonald v. Mazda Motors of Am., Inc., 269 Ga. App. 62, 65-66 (2004).

7

In this case, the plaintiff has alleged that he presented his S-Class Jaguar to Hennessy Jaguar several times for repair of a brake problem. Additionally he alleges that on October 5, 2005, he delivered a written notice to Jaguar informing it of his vehicle's braking problem and demanding that Jaguar either fix or replace the vehicle. The plaintiff also alleges that both Jaguar, the manufacturer, and Hennessy Jaguar, a dealer, had a reasonable opportunity to cure the defect but that the braking defect remains uncorrected. Taking these allegations as true, the court concludes that the plaintiff has alleged a claim for breach of the written warranty sufficient to survive Jaguar's motion to dismiss. In reaching this conclusion, the court also concludes that the Federal Rules of Civil Procedure Rule 8(a) does not require the level of specificity in pleading demanded by Jaguar.

## 2. Implied Warranty of Merchantability

The plaintiff asserts a claim for breach of the implied warranty of merchantability under Magnuson-Moss and O.C.G.A. § 11-2-314(2)(c). In Georgia, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." O.C.G.A. § 11-2-314(1). This warranty protects consumers from defects or conditions existing <u>at the time of the sale</u>. <u>Dildine v. Town & Country Truck Sales, Inc.</u>, 259 Ga. App. 732, 734 (2003)(emphasis added). Therefore, for the plaintiff to survive a motion to

8

dismiss, he must at the very least allege that the product was defective when it was sold.

Jaguar asks that this court dismiss the plaintiff's cause of action based on a breach of the implied warranty of merchantability because "plaintiff has failed even to assert that the alleged defect in the brakes was present at the time of sale."[2] In response, the plaintiff argues that he has pled the necessary elements of a cause of action of a breach of the implied warranty of merchantability.

The court agrees with the plaintiff.[3] Having reviewed the

---

[2] In its motion to dismiss, Jaguar cites to two recent Georgia Court of Appeals cases to support its position, Soto v. CarMax Auto Superstores, Inc., 271 Ga. App. 813 (2005), and Simpson v. Hyundai North America, Inc., 269 Ga. App. 199 (2004). However, both of these cases involved review of a trial court's grant of the defendant's motion for summary judgment. The court's current inquiry is significantly different. In reviewing Jaguar's motion to dismiss, the court must employ a different standard of review than that used by the appellate court in Soto and Simpson.

[3] Another argument put forth by Jaguar is that the plaintiff can not maintain a breach of implied warranty of merchantability claim because the "plaintiff owned and drove his Jaguar for a full **four months** after he purchased it and before the first incident of alleged brake failure occurred." However, this argument fails to take into consideration latent defects. According to Georgia law, undisclosed latent defects are the very evil that the implied warranty of merchantability was designed to remedy. Wills Mining, Inc. v. Noggle, 235 Ga. App. 747, 749 (Ga. App. 1998). An implied warranty protects the buyer against latent defects that are not discoverable by the exercise of caution on the part of the plaintiff. Moore v. Berry, 217 Ga. App. 697 (1995). While an implied warranty will not avail against patent defects or latent defects that are disclosed or discoverable by the exercise of caution on the part of the purchaser, Keaton v. A.B.C. Drug Co., 266 Ga. 385, 386-87 (1996), Jaguar does not dispute that the vehicle in question had no patent or obvious defect that would have

9

complaint, the court concludes that the plaintiff has properly pled a cause of action for breach of an implied warranty that should have put Jaguar on notice of the breach of implied warranty claim against it. In ¶ 40 of the Complaint, the plaintiff alleges, "Jaguar breached the implied warranty inasmuch as it sold an S-Type vehicle to Mr. Johnson of insufficient quality. The S-Type is not fit for the ordinary purpose for which such goods are used." The court finds that the allegation contained in ¶ 40 is sufficient to survive a motion to dismiss.[4]

### B. Revocation of Acceptance Claim

Pursuant to O.C.G.A. § 11-2-608(1)(b), a "buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it: [w]ithout discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances." However under Georgia law, a buyer may not claim revocation of acceptance if he performs acts which are inconsistent with the seller's ownership of the goods subsequent to the claimed revocation. <u>Small v. Savannah Int'l Motors, Inc.</u>, 275 Ga. App. 12, 13-14 (2005).

Jaguar makes two arguments as to why the plaintiff's

---

been readily apparent to the plaintiff.

[4] Of course, whether the plaintiff can survive a motion for summary judgment is not before the court at this time.

revocation of acceptance claim fails. First, Jaguar argues that there can be no revocation of acceptance under Georgia law because there is no privity of contract between the plaintiff and Jaguar, who is the manufacturer of the vehicle. According to Jaguar, because there is no sales contract between Jaguar and the plaintiff, so there is no contract to revoke. Jaguar states, "It is undisputed that plaintiff purchased his vehicle from 'Nalley Jaguar in Roswell . . . Plaintiff has not named the dealership--the party with whom he contracted--as a defendant in this action."

Second, Jaguar argues that the plaintiff has acted in a manner inconsistent with Jaguar's ownership of the vehicle. Specifically, Jaguar argues, "Plaintiff retrieved the car from Jaguar and currently possesses the vehicle, and accordingly has re-accepted the vehicle (if indeed he ever rejected it) by performing an 'act inconsistent with the seller's ownership.'"

The court finds merit in both of Jaguar's arguments. First, the court has found no Georgia case allowing a plaintiff to revoke an acceptance against an automobile manufacturer with whom the plaintiff is not in privity of contract. Also, the plaintiff has cited to none. In fact, the plaintiff appears to concede this point in his response when he states, "it [sic] may not maintain a revocation of acceptance claim against a party with whom the buyer

is not in privity."[5]  In this case, it is undisputed that the plaintiff purchased the vehicle in question from Nalley Jaguar in Roswell, Georgia, a dealer, and not directly from Jaguar, the manufacturer.  However, Nalley Jaguar, the seller of the vehicle, is not a defendant in this action.  Because the plaintiff and Jaguar are not in privity, the court does not need to reach the issue of whether the plaintiff took actions or acted in a manner inconsistent with Jaguar's ownership of the vehicle.[6]  Therefore, the court concludes that the plaintiff's claim based on revocation of acceptance pursuant to O.C.G.A. § 11-2-608 fails as a matter of law.

---

[5] According to Hines v. Mercedes-Benz USA, LLC, 358 F. Supp. 2d 1222, 1233-34 (N.D. Ga. 2005), the majority of courts who have addressed the question of whether revocation of acceptance is available against a manufacturer with whom the buyer has not dealt directly have held that the buyer has no such entitlement.  The court in Hines continued:

> Revocation of acceptance has the effect of returning the buyer and seller to the positions they were in before the transaction.  Allowing a buyer to pursue this remedy against the manufacturer, rather than the seller, does not achieve this result.  Indeed, revocation is inextricably connected to the contractual relationship between a buyer and a seller.  If revocation of acceptance is the remedy Plaintiff ultimately desired, then Plaintiff needed to file suit against the seller.

[6] If the court had reached this issue, the court would have concluded that the plaintiff's possession of the vehicle is inconsistent with any ownership interest Jaguar might possess.

## IV. Conclusion

For the above reasons, Jaguar's motion to dismiss is GRANTED in part and DENIED in part [Doc. No. 16]. The court GRANTS Jaguar's motion to dismiss with regard to plaintiff's revocation of acceptance claim and DISMISSES said claim against Jaguar WITH PREJUDICE. The court DENIES Jaguar's motion to dismiss to the extent that Jaguar's motion seeks to dismiss the plaintiff's claims based on the breach of any written and implied warranties.

SO ORDERED, this 6th day of June, 2006.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge